**J. Michael FREEMAN and George J. Yarnall, Plaintiffs,**

**v.**

**James W. KNEPPER, Jr., Commonwealth of Pennsylvania Secretary of Labor and Industry, Defendants.**

**Civ. A. No. 85–0231.**

United States District Court, W.D. Pennsylvania.

Oct. 7, 1986.

Mike R. Rubinoff, Greensburg, Pa., for plaintiffs.

Jean O. Davin, Deputy Atty. Gen., Pittsburgh, Pa., for defendants.

### OPINION

GERALD J. WEBER, District Judge.

Plaintiffs, employees of the Pennsylvania Department of Labor and Industry, filed a civil rights action against the Secretary of Labor of the Commonwealth of Pennsylvania complaining that their work assignments by supervisors were made to penalize them for expressing critical comments on the reorganization of the Office of Vocational Rehabilitation of a public meeting.

The complaint was filed January 30, 1985. Several continuances were granted on representation that negotiations were underway which would render the matter moot. Finally, an answer was filed January 14, 1986 and the matter was set for status conference on February 20, 1986, at which time the court was informed that settlement was imminent. The court continued the status conference until March 20, 1986, unless a stipulation of settlement and discontinuance was filed before that time. Nothing was heard from the parties and on June 3, 1986 a letter was sent by the court to plaintiffs' counsel stating that we had been informed on several occasions that the matter had been settled but we still had no stipulation.

On June 17, 1986 plaintiffs filed a Motion for Entry of Judgment on the grounds that defendant was to prepare a Stipulation of Settlement and never did. We set this down for a response, which gave a detailed story of grievance procedures, conferences and negotiations, largely between other persons than counsel. Appended thereto was a proposed settlement between the Department and the Union pertaining to grievance procedures in general, and job assignments. The defendant offered a voluntary stipulation of dismissal.

Finally, on August 12, 1986 a stipulation of voluntary dismissal signed by both counsel was presented and signed by the court.

We do not know who the prevailing party was, what the party achieved, and whether or not it had any relation to this lawsuit. Whatever was achieved here was done through the Union and the Department. Neither plaintiffs' present counsel nor the present department counsel were involved.

Absolutely nothing was done in these court proceedings to decide any issues or procedural problems, and we can see no way that the filing or pendency of this lawsuit advanced the position of either party.

Furthermore, if any action had been taken in this case, it would have been the dismissal of the complaint. The only defendant, the Secretary, was allegedly liable on a *respondeat superior* claim. This is

not sufficient. *Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). It is doubtful if any federal right was shown to be violated. The violation was not pleaded with specificity as required by Third Circuit practice. *Kaufman v. Moss*, 420 F.2d 1270 (1969).

Furthermore, plaintiffs' attorneys time statements involve mostly telephone calls, and only a small portion allocated to pleadings or court appearances. We would not allow $60 for an hour spent travelling to Pittsburgh to file a complaint. This could be done by mail for less than $1.00.

42 U.S.C. § 1988 provides that the court "in its discretion, may allow the prevailing party ... a reasonable attorney's fee."

We believe that no such fee is justified here, for the reasons set forth and for others raised in defendant's opposition, which are unnecessary to counsel here.

Plaintiffs' motion will be denied.